United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-21327
Summary Calendar

DWYN LLORENCE DUPREE; ET AL,

Plaintiffs,

DWYN LLORENCE DUPREE,

Plaintiff-Appellant,

VERSUS

ULTRAMAR DIAMOND SHAMROCK CORP; SAM TIOLETTE;
SANDRA CONTRESAS; UDS SERVICES INC,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(02-CV-1424)

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dwyn Llorence Dupree (hereinafter "Dupree") filed suit in the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division, in December, 2001, alleging that UDS

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his employer, terminated his employment in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. UDS filed a pre-answer motion to compel arbitration in February, 2002, asking the Court to compel the parties to submit to arbitration pursuant to a signed arbitration agreement and to transfer the case to the Southern District of Texas where venue was more convenient. In March of 2002, Dupree filed his own motion to compel arbitration. On April 10, 2002, the Louisiana District Court ordered the lawsuit stayed pending arbitration before the American Arbitration Association and also ordered that the case be transferred to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §406(a). The Houston District Court administratively closed the case pending a ruling on arbitration. An evidentiary hearing was conducted by the arbitrator on August 21, 2002, at which both parties were given the opportunity to present evidence to support their claims. Following this hearing the arbitrator rendered an award on September 20, 2002, which denied all of Dupree's claims and dismissed them with prejudice. On October 2, 2002, Dupree filed both a motion for a jury trial and a separate request for trial *de novo* without making any reference to the fact that a final result had been achieved in the arbitration. The District Court in Houston denied both motions on October 23, 2002. In a separate appeal under Cause No. 02-21227, Dupree appealed the denial by the district court of his

motions for jury trial or trial *de novo*; and on May 30, 2003, this Court issued a ruling affirming those orders.  UDS filed a motion for the district court to confirm the arbitration award and on November 13, 2002, the district court issued an order confirming the arbitrator's award.  Dupree filed another notice of appeal on November 11, 2002, which is now before us.

We have carefully reviewed the briefs, the reply briefs, the record excerpts, and relevant portions of the record itself.  We find no error of any kind whatsoever in the decision of the district court to affirm the arbitrator's award in this case. AFFIRMED.